**FILED**

JAN 11 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| GURNEY LEE GARRETT, | ) | CV 07-25-H-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL MENAHAN; ATTORNEY GENERAL OF THE STATE OF MONTANA, | ) ) | |
| | ) | |
| Respondents. | ) ) | |

Petitioner Gurney Lee Garrett filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. United States Magistrate Judge Keith Strong determined Garrett's petition was subject to summary dismissal based upon procedural default and ordered Garrett to file a brief showing cause and prejudice or a fundamental miscarriage of justice excusing the procedural default. Garrett filed a brief and supporting materials on October 26, 2007. Judge Strong entered Findings and Recommendation on November 20, 2007, recommending dismissal of

Garrett's petition because Garrett failed to show cause excusing the procedural default. Garrett objected to Judge Strong's Findings and Recommendation on December 11, 2007.[1] Garrett therefore is entitled to de novo review of the record. 28 U.S.C. § 636(b)(1).

Garrett first argues the State must raise the issue of procedural default. A court, however, may raise the issue of procedural default sua sponte "when the default is obvious from the face of the petition and . . . recognizing the default would further the interests of comity, federalism, and judicial efficiency." Vang v. Nevada, 329 F.3d 1069, 1073 (9th Cir. 2003). Because Garret's procedural default was clear from the face of his petition, Judge Strong did not err in raising the issue in his preliminary screening of the petition.

Garrett next argues his procedural default should be excused because trial counsel did not inform him of his right to a direct appeal or to file a petition for postconviction relief. Garrett, however, did file a petition for postconviction relief. His claims are procedurally defaulted because he did not timely appeal the denial of his petition to the Montana Supreme Court. Because the procedural default relates to Garrett's failure to timely appeal the denial of his petition for postconviction

---

[1] Garret's objections were untimely, but the Court will consider them in the interests of justice.

relief, any failure on the part of his trial counsel to inform him of his right to appeal directly or file a petition for postconviction relief does not save Garrett's claims.[2]

Finally, Garrett contends the clerk of court knew he was being incarcerated in North Dakota six days before the order denying his petition for postconviction relief was filed. Garrett asserts, based on this knowledge, the clerk should have mailed the order to him in North Dakota so he could file a timely appeal. Garrett does not contend that the facility in which he was incarcerated in North Dakota was his address of record in his postconviction case. Instead, Garrett seems to assume because the clerk knew he was incarcerated in North Dakota, he or she should have recognized that the order denying postconviction relief should be sent to North Dakota. Even if the clerk knew where Garrett was incarcerated, it was Garrett's obligation to change his address of record in the case to reflect his North Dakota address. The clerk's failure to make this recognition does not excuse the procedural default.

Garrett also moves the Court to allow him to amend his petition for writ of habeas corpus. Garrett wishes to add an allegation that he asserted a claim based on double jeopardy in

---

[2]Additionally, Garrett's contention that he did not file a direct appeal or a petition for postconviction relief because his counsel was ineffective must have been presented to the state court to constitute sufficient cause to excuse the procedural default. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000). It is not clear that Garrett raised such a claim in his state petition for postconviction relief.

his state petition for postconviction relief, although he did not accurately label the claim. Such an amendment would not cure Garrett's procedurally-barred petition. Garrett failed to timely appeal the denial of his state petition for postconviction relief, and thus, his federal petition for writ of habeas corpus is barred regardless of whether he made a claim based on double jeopardy in his state petition for postconviction relief.

Accordingly, IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation are adopted in full. Garrett's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE as procedurally barred. A certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Garrett's Motion for Leave to File Amendment to Petition (dkt #30) is DENIED.

Dated this 10th day of January, 2008.

Donald W. Molloy, Chief Judge
United States District Court